**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO CUBS BASEBALL CLUB, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. ___1:14-cv-5507___ |
| JOHN PAUL WEIER, an individual; PATRICK WEIER, an individual; and DOES 1-3. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Chicago Cubs Baseball Club, LLC ("Cubs"), by and through its undersigned counsel, for its complaint against John Paul Weier, Patrick Weier, and Does 1-3, alleges as follows:

### PARTIES

1.     Plaintiff Cubs is a Delaware limited liability company with a principal place of business at Wrigley Field, 1060 West Addison Street, Chicago, Illinois 60613. The Cubs are the owner of the Chicago Cubs Major League Baseball team, which plays its home games at Wrigley Field, the world famous, 100-year-old natural grass baseball ballpark located at 1060 West Addison Street, Chicago, Illinois.

2.     Defendants John Paul Weier and Patrick Weier are residents of the State of Illinois, residing in Chicago, Illinois.

3.     Defendants John Does are individuals who work together with, or under the direction, control or employment of Defendant John Paul Weier, and on information and belief, are residents of the State of Illinois.

## NATURE OF THE ACTION

4.     This action is brought to halt the unlawful conduct of Defendants who dress as a costumed bear character under the name "Billy Cub," wearing a Cubs cap and baseball jersey, each bearing the famous marks and trade dress of the Cubs (the "'Billy Cub' Character"). Lurking around the Wrigley Field and the Wrigleyville area at those times when Cubs fans are most apt to be present, particularly before, during and after Cubs' home games, the costumed Defendants interact with Cubs fans by posing for photos or videos with the fans and engaging in other mascot-like activities (such as dancing with fans), and then seek to hustle those same fans for "fees" or "tips."  Defendants deliberately seek to create the impression the "Billy Cub" Character is a mascot of the Cubs and otherwise related to the Cubs, which it is not.  The portrayal is damaging to the goodwill of the Cubs and misleading to fans who, thinking the life-size bear draped in a Cubs jersey and cap is affiliated with the Cubs, complain to the team about the "Billy Cub" Character's inappropriate and unsavory actions.

5.     Defendants' unsavory actions recently have escalated to physical violence.  On Saturday, April 5, 2014, Defendant Patrick Weier, dressed as the offending "Billy Cub" Character, complete with a Cubs cap and a gray jersey confusingly similar to Cubs' road jersey, entered the John Barleycorn bar at 3524 N. Clark, less than a block from Wrigley Field, to solicit bar patrons to pay him. When a bar patron removed the "head" of the "Billy Cub" Character, exposing Mr. Weier's face, Mr. Weier turned and punched the bar patron and proceeded to engage in a violent altercation—all of which was captured on video by another patron and went viral on the Internet later that evening.  (*See* Exhibit A hereto.)  Headlines of the incident included "Here Is A Cubs Mascot Punching A Dude For Taking His Head Off."  These images of what appears to be a Cubs mascot engaged in a bar fight are not the images or conduct Plaintiff condones or promotes.

6. Despite Plaintiff's repeated requests, Defendant John Paul Weier and his partners have refused to cease their efforts to trade off of the iconic Cubs' reputation. Therefore, Plaintiff brings this lawsuit to protect the Cubs' rights and image among the Cubs' fans.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Defendants Weiers and John Does (collectively the "Defendants") reside in, transact business in, and have other contacts with the state of Illinois, and are therefore subject to the personal jurisdiction of this Court.

9. Venue is proper in this federal judicial district under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, all Defendants are residents of Illinois and at least one Defendant resides in this district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## FACTS

### Plaintiff and The Cubs' Famous Marks

10. The Cubs are a founding member of the National League of professional baseball, founded in 1876, making them one of the oldest continuously-operating baseball clubs in history. The Cubs are Chicago's oldest professional sports team.

11. The Cubs are well-known for their location at historic Wrigley Field. Opened in 1914, Wrigley Field is the second oldest Major League ballpark and the only remaining Federal

League ballpark.  For most of the last decade, Wrigley Field and the Cubs have welcomed more than three million baseball fans per season.  The portion of the Lake View neighborhood surrounding Wrigley Field has become known as "Wrigleyville," in honor of the famous ballpark it surrounds.

12.     The Cubs are also well-known for the bear symbol and design that has continuously been used as a symbol in advertisements and merchandise synonymous with the Cubs.

13.     The Cubs own and have continuously used numerous trademarks, service marks, logos, designs, stylizations, images, trade dress and other indicia which contain or comprise the terms CUBS, CUB, CUBBIES, other CUB-formative marks, CHICAGO (stylized) and/or a depiction of various bear designs, as well as the pinstriping, uniform designs and/or positioning of the marks or names, logos or other elements on the Chicago Cubs' uniforms, apparel or other merchandise, including, without limitation, the marks shown in **Exhibit B** attached hereto (the "CUBS Marks"), to identify its baseball club, its baseball stadium, its baseball game and exhibition services, and a wide range of related goods and services.

14.     The Cubs own numerous United States federal trademark registrations for many of the CUBS Marks, including, but not limited to, the list and accompanying certificates of registrations attached as **Exhibit C** (also "CUBS Marks").  All of the registrations in Exhibit C are valid, subsisting and in full force and effect, and a substantial number of these registrations are incontestable.

15.     Long prior to any use by Defendants of the CUBS Marks, the Cubs, and their licensees, and/or sponsors have extensively licensed, promoted and advertised goods and services bearing the CUBS Marks, and have sold such goods and offered such services in commerce continuously throughout the United States.  Specifically, Plaintiff has extensively

licensed, promoted and sold numerous bear designs of plush toys, figurines, hats and dolls bearing the CUBS Marks.

16.     As a result of this extensive use of the CUBS Marks in the United States, the CUBS Marks have, for decades prior to Defendants' activities complained of here, functioned as unique identifiers for Plaintiff and its goods and services, acquiring distinctiveness among the relevant consuming public.  As a result of this extensive use of the CUBS Marks in the United States, extensive and continuous media coverage, high degree of consumer recognition of the CUBS Marks, and a loyal fan base, the CUBS Marks are famous within the meaning of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

17.     Through the long-standing use of the CUBS Marks in the United States, Plaintiff has established enormous goodwill in the CUBS Marks.

## Defendants' Infringing, Deceptive, and Unlawful Conduct

18.     Defendants have adopted a costumed character under the name "Billy Cub," that purports to pass itself off as a mascot of the Cubs, which it is not. The "Billy Cub" Character consists of an individual dressed in a full body, bear costume wearing one of several Cubs baseball jerseys depicting the fictitious player name "Billy Cub" on its back and branded with the CUBS Marks or marks confusingly similar thereto, and carrying a cooler with a handmade "pics for tips" sign taped to its side.  In addition to the Cubs jersey, the "Billy Cub" Character often wears a baseball hat or batting helmet branded with the CUBS Marks.  Depictions of the "Billy Cub" Character are attached as **Exhibit D.**

19.     Defendants, working alone or in combination of approximately four "Billy Cub" characters at a time, dressed in the "Billy Cub" Character and using the name "Billy Cub," stand outside the gates of Wrigley Field during baseball games to solicit cash tips in exchange for various entertainment services, including photographs and videos.  In addition to standing

outside of the main gates of Wrigley Field, Defendants circulate among the Cubs' patrons, ticket

holders and fans in the vicinity of Wrigley Field and elsewhere in the Chicago area and beyond.

20.     Defendants, as the "Billy Cub" Character, have made rude, profane and

derogatory remarks and gesticulations to patrons, ticket holders, fans, or other individuals

located in the area of Wrigley Field.  Such comments are sometimes related to the amount or

provision of tips to Defendants.  Defendants, as the "Billy Cub" Character, have also made lewd

comments and racial slurs to ticket holders, fans, or other individuals located in the area of

Wrigley Field.

21.     Defendants' unauthorized conduct tarnishes the Cubs' reputation and goodwill,

and has recently escalated into violent acts while wearing the unauthorized character and CUBS

Marks during the Cubs' Opening Weekend.  On Saturday, April 5, 2014, after the Cubs' second

home game of the season, Defendant Patrick Weier, while wearing the unsanctioned Cubs' bear

outfit with the CUBS Marks, entered the John Barleycorn bar at 3524 N. Clark near Wrigley

Field and repeatedly punched a bar patron -- all of which was captured on video by another

patron and immediately went viral on the Internet.  (*See* Exhibit A hereto.)

22.     Defendant John Paul Weier has operated or controlled certain websites, domain

names and social media webpages, from which Defendant has promoted the "Billy Cub"

Character and sold merchandise, including t-shirts, mugs, and key chains, that infringe and trade

on the goodwill of Plaintiff and the CUBS Marks.

23.     Defendant Weier has attempted to connect the "Billy Cub" Character and its

related goods and activities to Plaintiff by adopting, using, advertising and offering for sale

goods and services under the infringing name and mark "Billy Cub."  Further connecting the

"Billy Cub" Character to Plaintiff is the fact that the "Billy Cub" Character purports to be the

life-size physical embodiment of the CUBS Marks, specifically the bear design and symbol.

24. In donning the "Billy Cub" Character, including Cubs apparel that appears to be licensed by Plaintiff, and engaging in promotional and commercial activities, including the sale of merchandise and entertainment services, under the BILLY CUB name and mark (collectively the "Activities"), Defendants deliberately create the impression the "Billy Cub" Character is sponsored by or affiliated with Plaintiff. Specifically, through these actions Defendants are holding the "Billy Cub" Character out as a mascot of the Cubs.

25. The Cubs have an official mascot, Clark the Cub. Among other activities, on game days the Cubs' Clark the Cub welcomes fans at the entrances to Wrigley Field and poses for pictures. Below is a picture of Clark the Cub with two young fans in front of the ballpark.



26.     Defendant's Billy Cub Character stands outside these very same Wrigley Field entrances on game days and offers to pose for pictures with Cubs fans.  (Unlike Clark the Cub, however, Defendant Billy Cub Character charges fans "tips" for this service.)  Below is a picture of one of the Defendants engaging in his business outside the Sheffield and Addison entrance.



27.     Defendants' entire marketing image and business plan has been built around the creation of a perceived connection to the Cubs, Wrigley Field, and the famous CUBS Marks. Defendants have conducted the Activities without the Cubs' permission or authority. Defendants' creation of a commercial enterprise solely based on unlawfully infringing the CUBS Marks is indicative of their clear intent to trade upon the fame, goodwill, and reputation of Plaintiff and the CUBS Marks, dilutes the distinctiveness of the CUBS Marks, and tarnishes the CUBS Marks.

28.     The Cubs and Major League Baseball have notified Defendant John Paul Weier of the Cubs' rights in the famous CUBS Marks and demanded Defendant John Paul Weier cease the Activities and his infringing use of the CUBS Marks.  Plaintiff attempted to negotiate with Defendant John Paul Weier in 2013 in an effort to avoid litigation.  Defendant John Paul Weier has refused to cease his Activities and use of the CUBS Marks.  Further, the Activities by Defendant Weier and Weier's partners have escalated in their negative and damaging impact on the Cubs' goodwill and the famous CUBS Marks, including specifically Defendant Weier's recent act of violence in a bar.

29.     The Cubs are alarmed by the recent escalation into violence and fear further violence could endanger Cub fans.  Further still, the Cubs are concerned future violence on the part of the "Billy Cub" Character could mistakenly be attributed to the Cubs.

30.     Defendants' unauthorized use of the CUBS Marks and other indicia connected with Plaintiff is likely to cause confusion, mistake or deception as to the source and origin of Defendants' goods and services, including the "Billy Cub" Character, and is further likely to cause consumers to draw the false impression that Defendants' goods or services, including the "Billy Cub" Character, are authorized, endorsed or sponsored by Plaintiff.

31.     Through these Activities, Defendants have caused actual confusion, mistake or deception as to the source of origin of Defendants' goods and services, including the "Billy Cub" Character.  For example, Defendant Patrick Weier's April 5, 2014 act of violence at the John Barleycorn bar was immediately associated with the Cubs' mascot, Clark.  On Twitter, Cub fans tweeted:

> 4/7/14, 5:40 PM @ClarktheCub decks a guy who stole his head in Wrigleyville.  youtu.be/4vIRzE5Iruw
>
> 4/6/14, 8:06 PM @Deadspin has a viral video of @ClarktheCub punching a guy at a bar. #cubs this could be a tougher year
>
> 4/7/14, 11:58 AM.  See the video of Clark the Cub punching a fan in a bar?  The mascot dude is HUGE and he flattened that guy. youtube.com/watch?v=8NX9Rp…
>
> 4/7/14, 10:31 AM.  #ClarktheCub He chose to mess with the wrong mascot - ifunny.mobi/i/1OmMxMSs1

In addition, on a number of occasions, consumers have contacted Plaintiff to notify Plaintiff about Defendants' rude or threatening behavior.

32.     Defendants' unauthorized use of the CUBS Marks and other indicia connected with Plaintiff is likely to cause dilution by tarnishment of the CUBS Marks and goodwill with consumers.

33.     Defendants' unauthorized use of the CUBS Marks and other indicia connected with Plaintiff is likely to cause dilution by blurring of the CUBS Marks and goodwill with consumers.

34.     Unless and until Defendants are enjoined from any further unauthorized exploitation of the CUBS Marks and other Cubs indicia, Defendants will continue to use such designations and engage in the Activities in violation of the Cubs' rights.

35.     By virtue of their unlawful conduct, Defendants have made or will make substantial profits and gains to which they are not in law or equity entitled.

36.     Defendants' actions have been willful, wanton, reckless and in total disregard of Plaintiff's trademark rights.

37.     As a result of Defendants' unlawful actions, the Cubs have been or will be damaged and have suffered, and will continue to suffer, immediate and irreparable injury for which Plaintiff has no adequate remedy at law.

**COUNT I**
**(Federal Trademark Infringement of a Federally Registered Mark, Lanham Act § 32(1))**

38.     Plaintiff repeats and realleges the allegations set forth in Paragraph 1-37 above with the same force and effect if set forth fully herein.

39.     The Cubs are the owner of all right, title, and interest in and to the registered CUBS Marks.

40.     Defendants' unauthorized use of the federally registered CUBS Marks is likely to cause confusion, mistake or deception as to Defendants' goods and services, including the "Billy Cub" Character, and is further likely to cause consumers to draw the false impression that Defendants' goods or services, including the "Billy Cub" Character, are authorized, endorsed or sponsored by Plaintiff.

41.     Defendants' actions have been willful, wanton, reckless and in total disregard of Plaintiff's federally registered trademark rights.

42.     As a result of Defendants' unlawful actions, the Cubs have been and will be damaged and have suffered, and will continue to suffer, immediate and irreparable injury for which Plaintiff has no adequate remedy at law.

43.     Defendants' conduct as described above constitutes infringement of the federally registered CUBS Marks in violation of Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1114(1).

44.     Plaintiff is entitled to injunctive, monetary and other relief pursuant to Sections 34, 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c).

## COUNT II
### (Trademark Infringement of Lanham Act § 43(a))

45.     Plaintiff repeats and realleges the allegations set forth in Paragraph 1-44 above with the same force and effect if set forth fully herein.

46.     The Cubs have common law rights in the CUBS Marks.

47.     Defendants' unauthorized use of the CUBS Marks is likely to cause confusion, mistake or deception as to the affiliation, source, connection, origin, sponsorship or approval of Defendants' goods and services, including the "Billy Cub" Character, and is further likely to cause consumers to draw the false impression that Defendants' goods or services, including the "Billy Cub" Character, is authorized, endorsed or sponsored by Plaintiff.

48.     Defendants' actions have been willful, wanton, reckless and in total disregard of the Cubs' trademark rights.

49.     As a result of Defendants' unlawful actions, the Cubs have been and will be damaged and have suffered, and will continue to suffer, immediate and irreparable injury for which Plaintiff has no adequate remedy at law.

50.     Defendants' conduct as described above constitutes the use in commerce of false designations of origin, false or misleading descriptions of fact, or false and misleading representations of fact in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).

## COUNT III
### (Federal Trademark Dilution by Tarnishment, Lanham Act § 43(c))

51.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-50 above with the same force and effect if set forth fully herein.

52. As described above, the CUBS Marks are famous and distinctive and had achieved such fame in the United States decades before Defendants commenced their dilutive Activities.

53. Defendants' commercial use of the CUBS Marks is likely to dilute, actually dilutes, and will continue to dilute the famous and distinctive CUBS Marks by tarnishment.

54. Defendants' aforementioned Activities and use of the CUBS Marks is likely to cause dilution by tarnishment of the famous and distinctive CUBS Marks because such use by persons or entities not affiliated with the Cubs creates an association arising from the similarity between the "Billy Cub" Character and the famous CUBS Marks which harms the reputation of the famous CUBS Marks.

55. Defendants' actions have been intentional, willful, wanton, reckless and in total disregard of the Cubs' trademark rights.

56. Defendants' acts of dilution by tarnishment have caused irreparable injury and damage to the Cubs, and unless this Court enjoins Defendants from further commission of said acts, the Cubs will continue to suffer irreparable injury and damage for which they have no adequate remedy at law.

57. Defendants' acts set forth above constitute trademark dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58. Plaintiff is entitled to injunctive, monetary and other relief pursuant to Sections 34, 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c).

## COUNT IV
### (Federal Trademark Dilution by Blurring, Lanham Act § 43(c))

59. Plaintiff repeats and realleges the allegations set forth in Paragraph 1-58 above with the same force and effect if set forth fully herein.

60.     As described above, the CUBS Marks are famous and distinctive and had achieved such fame in the United States decades before Defendants commenced their infringing Activities.

61.     Defendants' commercial use of the CUBS Marks is likely to dilute, actually dilutes, and will continue to dilute the distinctive quality of the famous CUBS Marks by blurring.

62.     Defendants' aforementioned Activities and use of the CUBS Marks is likely to cause dilution by blurring of the famous and distinctive CUBS Marks because such use by persons or entities not affiliated with the Cubs creates an association arising from the similarity between the "Billy Cub" Character and the CUBS Marks that impairs the distinctiveness of the famous CUBS Marks.

63.     Defendants' actions have been intentional, willful, wanton, reckless and in total disregard of the Cubs' trademark rights.

64.     Defendants' acts of dilution by blurring have caused irreparable injury and damage to the Cubs, and unless this Court enjoins Defendants from further commission of said acts, the Cubs will continue to suffer irreparable injury and damage for which they have no adequate remedy at law.

65.     Defendants' acts set forth above constitute trademark dilution by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

66.     Plaintiff is entitled to injunctive, monetary and other relief pursuant to Sections 34, 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c).

## COUNT V
### Illinois Uniform Deceptive Trade Practices Act

67.     Plaintiff repeats and realleges the allegations set forth in Paragraph 1-66 above with the same force and effect if set forth fully herein.

68.     By the unauthorized acts described herein, Defendants have engaged in unlawful and unfair business practices that have injured and will continue to injure Plaintiff in its business and property, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq.*

69.     Defendants have violated the Illinois Uniform Deceptive Trade Practices Act by passing off their goods or services as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, affiliation, connection or association of their goods or services, and engaging in conduct which creates a likelihood of confusion or misunderstanding among the public.

70.     Defendants' unauthorized, commercial Activities trade on the business reputation and goodwill of Plaintiff with the intention of deceiving the public into believing that Defendants are affiliated, connected or associated with Plaintiff in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1-7.

71.     Defendants' acts described herein have caused, and if not enjoined will continue to cause, irreparable and continuing harm to the CUBS Marks and Plaintiff's business, reputation and goodwill.  Plaintiff has no adequate remedy at law as money damages are inadequate to compensate Plaintiff for the injuries caused by Defendants.

72.     As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## COUNT VI
### Illinois Dilution and Injury to Business Reputation Under Illinois Law
### (Trademark Registration and Protection Act, 765 ILCS 1036/65)

73.     Plaintiff repeats and realleges the allegations set forth in Paragraph 1-72 above with the same force and effect if set forth fully herein.

74.     Plaintiff has rights in the CUBS Marks, which are uniquely associated with Plaintiff as the source of goods and services offered in connection with the CUBS Marks.

75.     The CUBS Marks are highly distinctive in connection with the goods and services offered under the CUBS Marks.

76.     The CUBS Marks are widely recognized by the general consuming public of Illinois as a designation of the source for Plaintiff's goods and services.

77.     The CUBS Marks are famous in Illinois and were famous before Defendants began their Activities in commerce.

78.     Defendants' infringing Activities in commerce lessen the capacity of the CUBS Marks to identify and distinguish Plaintiff's goods and services, and causes dilution of the distinctive quality of the CUBS Marks in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65.

79.     Plaintiff has been, and will continue to be, damaged by Defendants' acts that cause dilution of the CUBS Marks in an amount to be determined at trial.

80.     Defendants' conduct is willful, deliberate, intentional, and in bad faith.

81.     Defendants' acts in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65 have caused, and will continue to cause irreparable harm to Plaintiff and the goodwill associated with the CUBS Marks, for which Plaintiff has no adequate remedy at law.  Thus, Plaintiff is entitled to injunctive relief.

## COUNT VII
## Unfair Competition  Under Illinois Common Law

82.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-81 above with the same force and effect if set forth fully herein.

83.     Plaintiff has common law and federal trademark rights in the CUBS Marks, which are uniquely associated with Plaintiff as the source of goods and services offered in connection with the CUBS Marks.

84.     Defendants' unauthorized Activities and use of the BILLY CUB mark in commerce in connection with the advertising, promotion, and offering for sale of merchandise and entertainment services is likely to cause confusion or mistake with the CUBS Marks, or to deceive as to the source, affiliation, connection, association, or sponsorship of Defendants' goods or services, in violation of the common law of unfair competition of Illinois.

85.     Plaintiff has been, and will continue to be, damaged by Defendants' infringement and unfair competition in an amount to be determined at trial.

86.     Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

87.     Defendants' acts of unfair competition have caused, and will continue to cause irreparable harm to Plaintiff and the goodwill associated with the CUBS Marks, for which Plaintiff has no adequate remedy at law.  Plaintiff is thus entitled to injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in their favor and against Defendants on all counts and as follows:

A.      That Defendants, their agents, servants, employees, successors, assigns, and all those controlled by them, or in active concert or participation with them, be permanently enjoined and restrained from:

(1)      Using, registering or applying to register or authorizing others to use, register or apply to register anywhere for any goods or services any name, mark or domain name comprising or containing BILLY CUB or CUBS, CUB, CUBBIES,

- 17 -

CUBBY, or any of the other Cubs Marks, including, without limitation, the Cubs Uniform Trade Dress, or any other Cubs indicia, or any other names, trademarks, service marks, trade dress colors and/or features, stylizations, images and/or indicia confusingly similar thereto or dilutive thereof as a trademark, service mark, trade name, business name, character or mascot name, and/or domain name or in any social networking account or location in a manner that in confusingly similar to or dilutive of Plaintiff's rights.

(2)     Registering or applying to register or authorizing others to register or apply to register anywhere for any goods or services a depiction of: (i) the Billy Cub Character shown on Exhibit D hereto; and/or (ii) a bear or cub character or design identical or similar to the bear itself depicted in Exhibit C alone (without apparel); and/or (iii) a bear or cub character or design identical or similar to the bear depicted in Exhibit C dressed in or bearing any baseball-themed apparel or indicia and/or bearing the Cubs Marks, including without limitation, the Cubs Uniform Trade Dress, or any other indicia of the Cubs, and/or any names, marks, trade dress, or indicia confusingly similar thereto or dilutive thereof.

(3)     Engaging in, or authorizing anyone to engage in, any activities anywhere in which the Defendants render any services or provide any goods or authorize others to render any services or provide any goods, including without limitation, by live appearances or via any medium or in connection with any goods or services, as, or relating to, the "Billy Cub" Character, i.e., a bear or cub character or design identical or similar to the bear or cub depicted in Exhibit B hereto and depicting the Cubs Marks, including, without limitation, the Cubs Uniform Trade Dress, and/or other indicia of the Cubs, and/or wearing baseball apparel.

(4)     Engaging in, or authorizing anyone to engage in, any activities in which the Defendants render any services or provide any goods or authorize others to render any services or provide any goods: (i) using a character or design of a bear or cub (including, without limitation, wearing a costume) together with any Cubs Marks, including, but not limited to, the Cubs Uniform Trade Dress or any other Cubs indicia or any name, mark, trade dress or indicia confusingly similar thereto or dilutive thereof; and/or (ii) using a character or design of a bear or cub (including, without limitation, wearing a costume) with generic baseball indicia of any kind in any manner.

(5)     Engaging in, or authorizing others to engage in, any other activities which falsely represent or suggest that Defendants' activities, actions, goods or services are associated or affiliated with, licensed, authorized, endorsed, or sponsored by, or are a sponsor of, Plaintiff or its affiliates, including, without limitation, representing or misleading explicitly or implicitly that Defendants are in any way associated or affiliated with, or licensed, authorized, endorsed, approved, or sponsored by, or are a sponsor of, Plaintiff or its affiliates.

B.     That Defendants be ordered to deliver for destruction all articles of merchandise, displays, signs, plaques, advertisements, packaging, costumes, brochures, order forms, price lists, or any other materials in Defendants' possession or control or in the possession or control of Defendants' agents which bear or personify the CUBS Marks, the name "Billy Cub", the "Billy Cub" Character, or any other confusingly similar names, marks, designs or articles.

C.     That Defendants be ordered to remove all depictions or references to the CUBS Marks or the name "Billy Cub" or the "Billy Cub" Character, or any other confusingly similar marks, on all websites and other mediums related to commercial activities owned, operated, or under the control of Defendants.

D.      That Defendants be ordered to abandon, withdraw, or otherwise terminate the legal effect of any fictitious business name statements, business licenses, public records, or other such documents that they may have filed in any jurisdiction, as to which they have used the name "Billy Cub", or any other confusingly similar name.

E.      That Defendants be ordered to file with this Court and serve on Plaintiff within 14 days after entry of such order, a report in writing, under oath, setting forth in detail the manner of Defendants' compliance with all of the foregoing requirements.

F.      That Defendants be required to account for and pay over to Plaintiff, all gains, profits, and advantages derived by Defendants from Defendants' infringement of the CUBS Marks.

G.      That Defendants be ordered to pay Defendants' profits and any damages sustained by Plaintiff.

H.      That Defendants be ordered to pay to Plaintiff as punitive damages a sum equal to three (3) times the amount of Plaintiff's actual damages, plus interest and costs of this action

I.      That Plaintiff recovers prejudgment interest on its damages.

J.      That Defendants be ordered to pay Plaintiff's attorneys fees under 765 ILCS 1036/65 and as an exceptional case under the Lanham Act.

     K.     That the Court grant Plaintiff such other relief as the Court deems just.

Dated:  July 18, 2014          DENTONS US LLP


          By:     /s/ James A. Klenk
                  James A. Klenk
                  Natalie J. Spears
                  Tiffany Amlot
                  Dentons US LLP
                  233 S. Wacker Drive
                  Suite 7800
                  Chicago, IL 60606
                  Telephone: 312-876-8000
                  Facsimile:   312-876-7934

13158756